# UNITED STATES DISTRICT COURT
## for the
## District of Massachusetts

| | |
|---|---|
| Nuno Helder Da Silva Barros ) | |
|     Petitioner ) | |
| ) | **Case No. 25-11633** |
| v. ) | |
| ) | |
| **Todd M. Lyons**, Acting Director Immigration and ) | |
| Customs Enforcement, Boston Field Office ) | |
| **Michael Krol**, New England Field Office Director ) | |
| U.S. Immigration and Customs Enforcement ) | |
| **Patricia Hyde,** Director of the Boston Field ) | |
| Office, U.S. Immigration and Customs Enforcement ) | |
| Enforcement and Removal Operations ) | |
| **Kristi Noem,** U.S. Secretary of Homeland Security ) | |
| **Pamela Bondi**, Attorney General of the U.S. ) | |
| **Donald Trump**, President of the U.S. ) | |
|     Respondents ) | |

## **PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

## INTRODUCTION

1. Nuno Helder Da Silva Barros (hereinafter "the Petitioner") is a resident of Massachusetts currently detained by the Department of Homeland Security (hereinafter "the Department"). The Department currently holds the Petitioner at the Immigration and Customs Enforcement, Enforcement and Removal Operations ("ICE ERO"), Boston Field Office in Plymouth, Massachusetts.

2. The Petitioner alleges that his detention is a violation of the Fourth Amendment, a violation of the Due Process Clause of the Fifth Amendment, a violation of the Right to Marry, and a violation of the Administrative Procedure Act. He asks this Court to assume jurisdiction over the matter of his detention, order the Respondents to desist from moving him outside of Massachusetts, and order his immediate release pending his emergency motion to reopen his immigration case.

## JURISDICTION

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 2241 (habeas corpus); Art. I, § 9, cl. 2 of the United States Constitution (Suspension Clause); and 28 U.S.C. § 2201 (declaratory judgment).

4. Venue is proper because Petitioner is detained in the District of Massachusetts by Immigration and Customs Enforcement (ICE) in Massachusetts and under the custody and control of ICE officials in Massachusetts at the time of the filing of this petition. Respondent Patricia Hyde is the Director of the Boston Field Office of ICE Enforcement and Removal Operations (ICE ERO), with authority over ICE ERO's operations and detainees in New England. The Petitioner has not yet left the jurisdiction of the Boston Field Office.

## PARTIES

5. Petitioner Nuno Helder Da Silva Barros is a resident of Massachusetts. The Department currently holds him in the ICE ERO Field Office in Burlington, Massachusetts.

6. Respondent Donald J. Trump is named in his official capacity as the President of the United States. In this capacity, he is responsible for the policies and actions of the executive branch, including the Department of State and Department of Homeland Security.

7. Respondent Patricia Hyde is named in her official capacity as the New England Field Office Director for U.S. Immigration and Customs Enforcement.

8. Respondent Todd Lyons is named in his official capacity as the Acting Director for U.S. Immigration and Customs Enforcement. As the Senior Official Performing the Duties of the Director of ICE, he is responsible for the administration and enforcement of the immigration laws of the United States and is legally responsible for pursuing any effort to remove the Petitioner; and therefore, is a custodian of the Petitioner.

9. Respondent Kristi Noem is named in her official capacity as the Secretary of Homeland Security. In this capacity, she is responsible for the administration of the immigration laws pursuant to Section 103(a) of the INA, 8 U.S.C. § 1103(a) (2007); is legally responsible for pursuing any effort to detain and remove the Petitioner; and therefore, is a custodian of the Petitioner.

10. Respondent Michael Krol is the New England Special Agent in Charge for Homeland Security Investigations for U.S. Immigration and Customs Enforcement. He is sued in his official capacity.

## FACTS

11. The Petitioner was first brought to the United States as a minor by a family member on a B-2 Visitor Visa. He was ordered removed on March 16, 2012, in removal proceedings before the Boston Immigration Court.

12. Prior to his arrest by ICE, Petitioner was living in a shelter with his two minor children and U.S. citizen fiancée.

13. On or about April 9, 2025, ICE agents approached the Petitioner while he was in his vehicle with his two minor U.S. citizen children on the way to drop the children off at school. ICE agents banged on the window of the Petitioner's vehicle and demanded he identify himself. The Petitioner was never shown any warrant or provided a justification for why he was being stopped and interrogated. The Petitioner had no weapons and was engaged in no unlawful conduct, yet he was arrested and detained.

14. The agents then processed him and held him at the Field Office in Burlington, Massachusetts. The Petitioner was moved to Plymouth County Correctional Facility, then to the FCI Berlin, and as of yesterday, is currently detained at the ICE ERO Field Office.

15. The Petitioner, Nuno Helder Da Silva Barros, is engaged to a U.S. Citizen, Elizabeth Reyes, and they urgently seek to marry.

16. The Petitioner had a prior immigration lawyer, through which he was attempting to resolve his immigration matters, but that attorney has passed away.

17. Due to the death of his prior counsel, the Petitioner was unaware of the settlement in *Calderon Jimenez v. Mayorkas, et al., D. Mass. No. 1:18-cv-10225-MLW*, that greatly affects the Petitioner's rights.

18. Petitioner has since hired undersigned counsel to assist with his immigration matters, but due to the death of prior counsel, undersigned counsel has been unable to retrieve any of the Petitioner's prior immigration documents.

19. Furthermore, due to his detention by ICE, the Petitioner has been unable to marry his fiancée, Ms. Reyes. He has been requesting to get married while detained by Respondents to no avail.

20. Once the Respondent and his U.S. Citizen fiancé are married, he will be entitled to a reopening and dismissal of his removal proceedings pursuant to the settlement in *Calderon Jimenez v. Mayorkas.*

21. After his removal proceedings are dismissed, he will be eligible to seek lawful status through a Form I-130 Petition by his soon-to-be wife and then adjustment of status through Form I-485.

22. If the Petitioner's removal proceedings at the Boston Immigration Court are reopened, the Petitioner will also be eligible for cancellation of removal based on hardship to his U.S. citizen children and soon-to-be wife.

23. On June 5, 2025, counsel for the Petitioner filed an Emergency Motion to Reopen at the Boston Immigration Court.

24. Today, June 5, 2025, the Petitioner was informed by officials that he is being moved out of the Commonwealth of Massachusetts at some point today or tomorrow.

## CLAIMS FOR RELIEF

### FIRST CLAIM

### Violation of Fifth Amendment Right to Due Process

25. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint-Petition as if fully set forth herein.

26. The Constitution establishes due process rights for "all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

27. The Respondents' detention of the Petitioner is unjustified. The government has not demonstrated that the Petitioner must be detained. *See Zadvydas*, 533 U.S. at 690 (finding immigration detention must further the twin goals of (1) ensuring the noncitizen's appearance during removal proceedings and (2) preventing danger to the community). The government must provide argument that the Petitioner cannot be safely released back to his community.

28. The Petitioner was ordered removed over thirteen years ago. It is unclear how or why ICE targeted him for arrest in April of 2025.

29. Upon reason and belief, the Respondents did not present a warrant when they arrested the Petitioner. Petitioner is entitled to knowledge of the charges brought against him. Absent that, his detention violates his due process rights.

30. Furthermore, the Petitioner is entitled to file on statutory motion to reopen.

## SECOND CLAIM

### Violation of Fourth Amendment Protection Against Unreasonable Search and Seizure

31. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint-Petition as if fully set forth herein.

32. The Constitution guarantees protection of the people from unreasonable search and seizure from government actors under the Fourth Amendment. Upon reason and belief, the Petitioner was detained and seized without process of law in violation of that protection.

## THIRD CLAIM

### Violation of the Right to Marry

33. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint-Petition as if fully set forth herein.

34. Respondents are violating Petitioner's fundamental right to marry, protected by the Due Process Clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution (*Loving v. Virginia*, 388 U.S. 1, 12 (1967); *Obergefell v. Hodges*, 576 U.S. 644, 665-667 (2015)), by unlawfully detaining him and thereby preventing him from exercising this essential liberty interest and marrying his U.S. citizen fiancé.

35. Furthermore, Respondents' actions directly contravene the terms of the settlement in *Calderon Jimenez v. Mayorkas*, which provides for the reopening of Petitioner's removal order upon his marriage to a U.S. citizen. By preventing this marriage through his detention, Respondents are frustrating the clear intent and relief provided by the *Calderon Jimenez* settlement, effectively denying Petitioner the opportunity to pursue his lawful remedies.

### FOURTH CLAIM

**Violation of the Administrative Procedure Act and the *Accardi* Doctrine**

36. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint-Petition as if fully set forth herein.

37. The Respondents have adopted a policy of moving detained noncitizens from facilities in their home states to frustrate judicial procedure and more swiftly effectuate the removal of those noncitizens without interference from the noncitizens' counsel. This policy is arbitrary and capricious, an abuse of discretion, contrary to constitutional right, contrary to law, and in excess of statutory jurisdiction. 5 U.S.C. § 706 (2)(A), (B), (C), and violates the *Accardi* doctrine and federal agencies' own rules, *see Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

38. His detention is an unlawful violation of his rights under the Administrative Procedure Act to be free from arbitrary and capricious administrative action. His detention also violates his statutory due process rights under the Administrative Procedure Act.

## FIFTH CLAIM

### Release on Bail Pending Adjudication

39. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint-Petition as if fully set forth herein.

40. Federal courts sitting in habeas possess the "inherent power to release the petitioner pending determination of the merits." *Savino v. Souza*, 453 F. Supp. 3d 441, 454 (D. Mass. 2020) (quoting Woodcock v. Donnelly, 470 F.2d 93, 94 (1st Cir. 1972) (per curiam)); see also *Da Graca v. Souza*, 991 F.3d 60 (1st Cir. 2021). Federal courts "have the same inherent authority to admit habeas petitioners to bail in the immigration context as they do in the criminal habeas case." *Id*. (quoting *Mapp v. Reno*, 241 F.3d 221, 223 (2d Cir. 2001)). "A court considering bail for a habeas petitioner must inquire into whether the habeas petition raise[s] substantial claims and [whether] extraordinary circumstances exist[ ] that make the grant of bail necessary to make the habeas remedy effective." *Id*. (quoting Mapp, 241 F.3d at 230) (cleaned up).

This petition raises constitutional and statutory claims challenging the Petitioner's detention. Upon reason and belief, the Petitioner fears his transfer to a detention facility outside of Massachusetts, and potentially out of the country, where his remote location would prevent him from marrying his fiancée as well as adequately litigating his removal proceedings by limiting his access to counsel and evidence located within the District of Massachusetts.

**PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

1. Assume Jurisdiction over this matter;

2. Order the Respondents to desist from transferring him outside of this District pending his motion to reopen and pending marriage;

3. Order that the Respondents allow the Petitioner to marry his U.S. Citizen fiancée;

4. Order the immediate release of the Petitioner pending these proceedings;

5. Award reasonable attorney's fees and costs for this action; and

6. Grant such further relief as the Court deems just and proper.

Respectfully submitted,

**Nuno Helder Da Silva Barros**

By and through his counsel,

Dated: 06/05/2025

*/s/Michael B. Kaplan*
Michael B. Kaplan, Esq.
Rubin Pomerleau, P.C.
Two Center Plaza, Suite 520
Boston, Massachusetts 02108
Tel.: (617) 367-0077
Fax: (617) 367-0071
rubinpom@rubinpom.com
MA BBO#695642

*/s/ Jeffrey B. Rubin*
Jeffrey B. Rubin, Esq.
MA BBO#640964

*/s/ Todd C. Pomerleau*
Todd C. Pomerleau, Esq.

MA BBO#664974

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 5, 2025, a true copy of the above document was filed via the Court's CM/ECF system and that a copy will be sent automatically to all counsel of record.

June 5, 2025                                              /s/ *Michael B. Kaplan*
                                                                  Michael B. Kaplan